## Long, et al. v. State Bank & Trust Company, et al.

(Decided November 12, 1914.)

### Appeal from Mercer Circuit Court.

Fraud—Deeds.—Although the execution of a deed was procured by fraud, persons having no connection with the fraud and no notice of it, who acquired, in good faith, liens on the property while the title was in the fraudulent vendee, are not affected by his fraud, and are entitled to subject the property to the payment of their lien debt.

J. A. CHILES, CHAS. T. CORN for appellants.

J. T. WILSON for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming in part and reversing in part.

On April 7, 1910, Amanda Long and her husband, James Long, the appellants, executed a deed to J. A. McFatridge, conveying to him, in consideration of the recited cash payment of one thousand dollars, a piece of land in Harrodsburg, being the same land conveyed by James Long to Amanda Long in March, 1906. This deed was recorded in the office of the clerk of the Mercer County Court on April 7, 1910. On the same day McFatridge borrowed from the State Bank & Trust Company of Harrodsburg, six hundred dollars, for which he executed his note, and to secure the payment of this note he gave to it a mortgage on this land, which mortgage was duly recorded in the clerk's office of the Mercer County Court in April, 1910.

In May, June, July and August, 1910, Bland & Stratton sold and delivered lumber and building material to McFatridge of the value of $759.27, and he paid on this account $50.00, leaving the remainder unpaid; and in due time Bland & Stratton filed their mechanic's lien on the property.

On April 19, 1911, the State Bank & Trust Company brought suit in the Mercer Circuit Court against McFatridge seeking to recover judgment on the note he had executed to it and enforce its mortgage lien on the land, and to this suit it made Bland & Stratton parties defendant, asking that they be required to assert their mechanic's lien, and it also made defendants, Amanda Long and James Long, averring as to them:

"Plaintiff says that the defendants, Amanda Long and James Long, have no title either legal or equitable to said property, but are in possession of said property, and are made parties defendant for the purpose of setting up any claim they may have against said property."

In answer to this petition, Bland & Stratton, by answer and cross-petition, asserted their claim, and J. A. McFatridge, by his attorney, filed an answer in which he stated that he had no defense to make to the claim of the Trust Company or to the claim of Bland & Stratton, and therefore he joined in the prayer for a sale of the property.

Summons on the petition of the Trust Company was executed on Amanda Long by the sheriff of Mercer County on April 21, 1911, but as to James Long it was returned "not found."

On May 16, 1911, a judgment was entered directing a sale of the property for the satisfaction of the debts of the Trust Company and Bland & Stratton. The judgment further recited that James Long was not a necessary party to the action and that Amanda Long had no title either legal or equitable to it.

Under this judgment the property was sold in July, 1911, and purchased by Young & Garvin for $1,800. At the October term, 1911, James Long came into court and moved the court to set aside the judgment rendered at the May term, because, as set out in his motion, the property therein adjudged to be and that was sold under the judgment was the homestead and property of Amanda Long, the wife of James Long, and of James Long, and at the time of this judgment he was not before the court for any purpose and had never been summoned in this action. This motion was made, as it recites, without entering his appearance except for the purpose of making the motion. At a subsequent day of the October term the motion of Long to have the judgment set aside was overruled, to which ruling James

Long excepted and prayed an appeal to the Court of Appeals.

At this term there was also an order made confirming the report of sale, directing a deed made to the purchaser and ordering that a sufficient amount of the purchase money to pay the debts be applied for that purpose, and that the balance be paid to McFatridge.

At the October term, 1912, Amanda Long and James Long came into court, and after filing a bond for costs, moved the court to vacate the judgment (1) because James Long was not before the court; (2) because at the time of the filing of the suit and the entering of the different orders and judgments, Long was absent from Mercer County and in the State of Ohio; (3) because McFatridge, by fraud and misrepresentation, secured the deed made to him by the Longs; (4) because the appraisers of the property were directors in the State Bank & Trust Company, and one of them its attorney; (5) because the commissioner of the Mercer Circuit Court, who made the sale, was a director of the State Bank & Trust Company; (6) because the property could have been divided and sold without impairing its value or the rights of the parties interested; (7) because no evidence was taken in support of the claims of the Trust Company or Bland & Stratton; (8) because McFatridge fraudulently assisted in obtaining the judgment by voluntarily entering his appearance.

Accompanying this motion was an answer and cross-petition setting out more in detail the various grounds relied on in the motion.

To this answer and cross-petition, a demurrer was entered by all the defendants, including McFatridge, and thereafter the court overruled the motion to set aside and vacate the sale and sustained the demurrer to the pleading, and, declining to plead further, the petition was dismissed and the Longs appeal.

It may be true, as charged by the Longs, that McFatridge perpetrated a fraud on them in obtaining a title to the property, but there is no suggestion that this fraud was in any manner participated in by the Trust Company or Bland & Stratton, or that either of these parties had any knowledge or information of it. At the time the Trust Company took its mortgage and at the time Bland & Stratton furnished the material, the legal title to the property was in McFatridge. It was not necessary

that either of the Longs should have been made parties to the suit brought by the Trust Company or the pleading of the material-men, although they were made parties and Amanda Long served with process. McFatridge, who was the only real and necessary defendant, entered his appearance to the action, and the case proceeded properly to judgment.

We do not see that the errors, if any, that were committed in the appraisement of the property or in the sale are available to the Longs. The only relief to which they show themselves entitled is against McFatridge, and in order that the judgment on the demurrer may not bar the prosecution of a suit against him to recover whatever the Longs may show themselves entitled to, we think the demurrer should have been overruled as to McFatridge.

Upon a return of the case the Longs may be permitted to execute a bond for costs and amend their petition against McFatridge and take such other steps as may appear to be necessary to secure such relief, if any, as they are entitled to against him.

Wherefore, the judgment is affirmed, except as to McFatridge, and as to him it is reversed.